IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY JAY MEYERS,

    Petitioner,                             No. CIV S-08-2866 DAD P

    vs.

PAM AHLIN, Executive Director,

    Respondent.                        ORDER

_____/

        Petitioner, currently confined at Coalinga State Hospital, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with this court's December 3, 2008 order, petitioner has paid the filing fee.

## BACKGROUND

        In his petition for writ of habeas corpus, petitioner alleges that on February 14, 2008, he submitted to the Shasta County Superior Court a petition for writ of habeas corpus, challenging his judgment of conviction. On February 21, 2008, petitioner was transferred from Coalinga State Hospital to the Shasta County Jail for civil commitment proceedings pursuant to the Sexually Violent Predator Act. During those proceedings, he informed the presiding Superior Court judge that he had filed a petition for writ of habeas corpus in the Superior Court. According to petitioner, the judge conducted a cursory review of the petition, determined that the

1

issues therein were identical to the issues that would be addressed in the civil commitment trial, and summarily denied the petition. On February 28, 2008, petitioner was indeterminately committed to the custody of the California Department of Mental Health. (Mem. of P. & A. at 1-2.)

On or about May 9, 2008, petitioner filed a petition for writ of habeas corpus with the California Court of Appeal for the Third Appellate District. Petitioner also filed a petition for a writ of mandate to compel the Superior Court to provide him with a written response to his habeas petition so that he could appeal that court's denial. On June 2, 2008, petitioner received from the California Court of Appeal a one-line order denying his petition for writ of mandate. (Mem. of P. & A. at 2.) Subsequently, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. On September 24, 2008, the California Supreme Court denied the petition. (Supp., Ex. A.)

Petitioner asserts the following four claims in his federal petition: (1) the Superior Court's summary denial of his petition without a hearing denied him procedural due process under the United States Constitution and California Constitution; (2) the Superior Court's failure to address the issues in his petition that were "extrinsic" to his civil commitment trial, but crucial as to whether the People of the State of California could proceed with his civil commitment trial, denied him due process under the United States Constitution and California Constitution; (3) the Court of Appeal disregarded the California Rules of Court and other authorities related to the "just adjudication" of habeas petitions under People v. Duvall; and (4) the Court of Appeal failed to provide petitioner with a written response in a timely manner as prescribed by the California Rules of Court thereby denying him a right to appeal. (Pet. at 4-5 & Mem. of P. & A. at 3-19.)

**PRELIMINARY SCREENING**

After reviewing the petition filed in this action, the court has determined that the petition must be dismissed with leave to file an amended petition. If petitioner elects to proceed with this action by filing an amended petition, he is advised that all petitions for writ of habeas

corpus must be filed on the proper form which is provided by this court. Although petitioner may submit a separate memorandum to support his petition for relief, the court's application form must contain all relevant claims and must provide the court with all necessary information.

In addition, petitioner is advised that he must clarify his claims for relief in any amended petition. For example, if petitioner believes that the Shasta County Superior Court improperly denied his petition on the merits, he should explain why the court's decision was contrary to, or involved an unreasonable application of, clearly established federal law. He should also specify the factual basis for each of his claims. To the extent that petitioner's first and second claims relate to the Superior Court's summary dismissal of his petition, he is advised that there is no federal constitutional prohibition preventing state courts from disposing of his post-conviction claims in a summary fashion. Nor is there a federal requirement that state courts address post-conviction challenges with a full discussion of the merits. See, e.g., Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974) ("There is now no reason to suppose that a postcard denial without opinion is indicative of anything but a decision on the merits of the petition, except where a citation in the order tells us so."); see also Hunter v. Aispuro, 982 F.2d 344, 346-47 (9th Cir. 1992) ("California Supreme Court's denial of habeas petition without comment or citation constitutes a decision on the merits of the federal claims").

Petitioner is also advised that a writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085. In this regard, to the extent that petitioner's third and fourth claims relate to the California Court of Appeal's alleged failure to comply with California Rules of Court, petitioner
/////

fails to state a cognizable claim for federal habeas review. Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

Finally, during these proceedings petitioner has submitted supplemental filings to the court. Petitioner is advised that the court will not allow this case to proceed in a piecemeal fashion. If petitioner files an amended petition, he should state therein all of the claims upon which he seeks federal habeas review. He should also attach to the amended petition any additional evidence or exhibits he wishes the court to consider.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

2. Any amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form. It must bear the case number assigned to this action and must bear the title "Amended Petition"; and

3. The Clerk of the Court is directed to send petitioner the form for habeas corpus application.

DATED: March 11, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
meye2866.amd

4