IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY JAY MEYERS,

    Petitioner,                               No. CIV S-08-2866 MCE DAD P

    vs.

PAM AHLIN, Executive Director,       FINDINGS & RECOMMENDATIONS

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. On March 12, 2009, this court dismissed petitioner's original petition for writ of habeas corpus and granted him leave to file an amended petition within thirty days of that order. On April 1, 2009, petitioner filed a motion for reconsideration. On April 13, 2009, the assigned district judge in this action affirmed the undersigned's order. On April 23, 2009, this court granted petitioner thirty days to file an amended petition in accordance with the court's March 12, 2009 order. Petitioner filed an amended petition on April 30, 2009.

        In his amended petition for writ of habeas corpus, petitioner alleges as follows. On February 14, 2008, he submitted to the Shasta County Superior Court a petition for writ of habeas corpus, raising issues that were relevant to a then pending civil commitment trial being

1

conducted pursuant to California's Sexually Violent Predator Act. On February 21, 2008, petitioner was transferred from Coalinga State Hospital to the Shasta County Jail for appearance at trial. During those proceedings, petitioner informed the presiding Superior Court Judge that he had filed a petition for writ of habeas corpus in the Superior Court. According to petitioner, the judge conducted a cursory review of the petition, determined that the issues therein were identical to the issues that would be addressed in the civil commitment trial, and orally denied the petition. On February 28, 2008, petitioner was indeterminately committed to the custody of the California Department of Mental Health. (Amended Memorandum of Points and Authorities in Support of Amended Habeas Corpus Petition (P&A), at 2-3.)

On or about May 9, 2008, petitioner filed a petition for writ of habeas corpus with the California Court of Appeal for the Third Appellate District. Petitioner also filed a petition for a writ of mandate to compel the Shasta County Superior Court to provide him with a written response to his habeas petition so that he could appeal that court's denial of the petition. On June 2, 2008, petitioner received from the California Court of Appeal a one-line order denying his petition for writ of mandate. (Id. at 3.) Subsequently, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. On September 24, 2008, the California Supreme Court summarily denied the petition. (Supplemental Pleading, filed November 26, 2008, Ex. A.)

Petitioner asserts the following four claims in his federal habeas petition before this court: (1) the Shasta County Superior Court's summary denial of his habeas petition without a hearing denied him procedural due process under the United States Constitution and California Constitution (Pet. at 4, P&A at 4-12); (2) the Shasta County Superior Court's failure to "address the issues" set forth in his habeas petition denied him the right to due process (Pet. at 4; P&A at 12-13); (3) the Shasta County Superior Court's failure to comply with the California Rules of Court when it did not provide petitioner with a "reasoned opinion" on his habeas petition denied him the right to due process (Pet. at 5; P&A at 13-20); and (4) the failure of the Shasta County Superior Court to provide him with a written decision on his habeas petition denied him the right

to appeal that decision and demonstrated deliberate indifference to his rights and the governing legal standards for habeas corpus.  (Pet. at 5; P&A at 13-20.)[1]

   The allegations in the pending petition fail to state a cognizable federal claim for habeas relief.  As petitioner has been advised, a writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts.  See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).  A federal writ is not available for alleged error in the interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Specifically, errors in state post-conviction review proceedings are not addressable through federal habeas corpus.  Hubbart v. Knapp, 379 F.3d 773, 779 (9th Cir. 2004) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."); Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989) (same); Ochoa v. John Ontiveros, No. CV-05-3787-PHX-DGC (DKD), 2009 WL 1125320, at *8 (D. Ariz. April 27, 2009) (same).  Petitioner is not directly challenging his civil commitment under California's Sexually Violent Predator Act.  Rather, his allegations concern the state courts' failure to issue a reasoned decision in response to his habeas petitions filed in state court.  Such allegations do not state a cognizable claim in federal habeas corpus.

   Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to state a cognizable claim.

   These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file

---

[1] Although not entirely clear, petitioner may also be attempting to challenge the actions of the California Court of Appeal and California Supreme Court in issuing summary denials of his habeas petitions filed in those courts.

written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 30, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
meyers2866.dis